**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **NASHVILLE ACUPUNCTURE** | ) | |
| **CLINIC, PLLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:23-cv-00572** |
| **v.** | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **HOLISTIC BILLING SERVICES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM</u>

Before the court is defendant Holistic Billing Services, LLC's Motion to Dismiss and Alternative Motion for More Definite Statement (Doc. No. 20). For the reasons set forth herein, the court will grant the motion in part and deny it in part. Specifically, the court will deny the motion, *except* insofar as it seeks dismissal of the negligence claim.

## I.      FACTS AND PROCEDURAL HISTORY

Plaintiff Nashville Acupuncture Clinic, PLLC ("NAC") initiated this action by filing a complaint against Holistic Billing in state court, asserting claims for breach of contract and negligence. Holistic Billing removed the case to this court on the basis of diversity jurisdiction and then filed a Motion to Dismiss the original Complaint. The court denied that motion as moot upon the plaintiff's filing of the First Amended Complaint ("FAC") (Doc. No. 19), which is now the operative pleading. The present motion is addressed to the FAC.

In the FAC, the plaintiff alleges that (1) the parties entered into a contract in June 2017, which was memorialized in writing (a copy of which is attached to the pleading); (2) pursuant to the contract, Holistic Billing agreed to "process, code, and submit insurance billing claims" to insurance companies to seek payment for the plaintiff's acupuncture services; (3) Holistic Billing

breached the contract by billing the U.S. Department of Veterans Affairs ("VA") and other insurance companies for services that Holistic Billing "improperly coded"; (4) the plaintiff suffered damages as a result of this breach, in the form of, for example, having to settle a claim for improper billing brought by the VA. (Doc. No. 19 ¶¶ 5–6; *see also id.* ¶¶ 15–16 ("The Plaintiff avers that the parties entered into a contract for billing services which Defendant . . . breached by coding and billing improperly," thus causing the plaintiff "significant financial damages.").) The plaintiff asserts claims for both breach of contract and negligence based on the same allegations.

The defendant's Memorandum in support of its Rule 12(b)(6) motion asserts that the FAC must be dismissed for failure to state a claim for which relief may be granted. (Doc. No. 21.) Alternatively, it requests a more definite statement under Rule 12(e). The plaintiff filed a Response in opposition to the motion, also with a Memorandum (Doc. Nos. 22, 22-1), and the defendant filed a Reply (Doc. No. 24), which argues that the plaintiff's Response was untimely and, therefore, that its Motion to Dismiss should be deemed unopposed. The defendant also points out that the plaintiff does not address its arguments in support of dismissal of the negligence claim.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a Rule 12(b)(6) motion, the court must "view the complaint in the light most favorable to the plaintiff." *Ammex, Inc. v. McDowell*, 24 F.4th 1072, 1079 (6th Cir. 2022). A plaintiff, however, must provide "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (internal citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*

In ruling on a motion to dismiss, the court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

Federal Rule of Civil Procedure 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) motions are "designed to strike at unintelligibility rather than simple want of detail" and should not be used as a substitute for discovery. *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007). Such motions are generally disfavored, in view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery. *Id.*

Generally, "[i]f the movant believes the opponent's pleading does not state a claim for relief, the proper course is a motion under Rule 12(b)(6) even if the pleading is vague or ambiguous. Moreover, even if the pleading is so sketchy that it cannot be construed to show a right to relief, the proper attack is by a motion under Rule 12(b)(6) rather than Rule 12(e)." Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1376 Motion for a More Definite Statement—Scope of Rule 12(e)). That said, a claim pleaded sufficiently "plausibly" to survive a Rule 12(b)(6) motion may nonetheless "be pleaded vaguely enough to make response impossible, which would make it vulnerable to a Rule 12(e) motion." *Id.*

### III.   ANALYSIS

#### A.   The Plaintiff's Belated Response

Under this court's Local Rule 7.01(a)(2), a response to a motion under Rule 12 must be filed within fourteen days after service of that motion. The defendant's motion was served electronically on the plaintiff on August 22, 2023 (*see* Doc. No. 20, at 2), making the plaintiff's response due September 5, 2023. The plaintiff, without explanation, filed its Response on September 11, 2023, or four business days late. Under the Local Rule, the court has the discretion to deem the Motion to Dismiss unopposed, but, even if it does so, it must analyze the sufficiency of the allegations of the Complaint when considering the defendant's motion. *See Bangura v. Hansen,* 434 F.3d 487, 497 (6th Cir. 2006) (finding an abuse of discretion where district court dismissed plaintiff's claims without undertaking an independent review of the sufficiency of the pleadings solely because plaintiff failed to respond to a motion to dismiss).

In light of that requirement, in conjunction with the facts that the response was untimely by only a few days, the defendant has not been prejudiced by the untimely filing, and the resolution of this case has not been delayed or disrupted by the untimely filing, the court will exercise its discretion to consider the plaintiff's untimely response in ruling on the defendant's motion. Even if it did not consider the Response, however, the court would reach the same conclusions.

#### B.   Breach of Contract Claim

Under Tennessee law, to prove breach of contract, the plaintiff must establish "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *Tolliver v. Tellico Vill. Prop. Owners Ass'n, Inc.*, 579 S.W.3d 8, 25 (Tenn. Ct. App. 2019) (citation omitted). In the context of a motion to dismiss, the plaintiff's pleading must contain either direct or inferential allegations to support each of the material elements necessary to prove the claim. *Twombly*, 550 U.S. at 562. Citing a series

of unreported Sixth Circuit cases, the defendant asserts that it is a "a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *KSA Enters. v. Branch Banking & Tr. Co.*, 761 F. App'x 456, 460 (6th Cir. 2019) (quoting *Northampton Rest. Grp. v. FirstMerit Bank, N.A.*, 492 F. App'x 518, 522 (6th Cir. 2012) (holding that "without the contracts or reference to specific language, [plaintiff] failed to put forth a plausible claim for [breach of contract]")); *Harris v. Am. Postal Workers Union*, 198 F.3d 245 (Table), 1999 WL 993882, at *4 (6th Cir. Oct. 19, 1999).

The defendant argues here that the plaintiff has not alleged the breach of a specific contractual obligation, but then acknowledges that the plaintiff alleges that the defendant breached their contract by "improperly coding" the plaintiff's acupuncture services. (Doc. No. 21, at 4 (citing Doc. No. 19 ¶ 6.) The defendant insists, however, that the plaintiff has not identified the specific provision of the contract that the defendant allegedly breached and that, consequently, the breach of contract claim must be dismissed.

The plaintiff, however, did attach the very brief written contract to the Amended Complaint, titled "Letter of Understanding" and dated June 27, 2017. (Doc. No. 19-1, at 1.) In terms of the obligations incurred by Holistic Billing, the contract provides only that Holistic Billing "will provide Nashville Acupuncture Clinic medical billing services" and, based on NAC's provision of "all necessary patient information and documents required for invoicing," Holistic Billing "will submit claims to various insurance companies on your behalf and follow-up on payments statuses." (Doc. No. 19-1, at 1.)

The Letter of Understanding does not specify which party is supposed to provide billing codes, but NAC alleges that Holistic Billing was to "process, code, and submit insurance billing claims." (Doc. No. 19 ¶ 15.) Because the contract does not expressly identify who was supposed

to provide the billings codes, but it is clear that one of the parties had to supply them, the court accepts as true, for purposes of the defendant's Motion to Dismiss, the plaintiff's allegation that Holistic Billing was required to supply the appropriate billing codes, based on the parties' verbal understanding and course of dealing. The fact that the term "coding" was not expressly included in the written memorialization of the agreement is not fatal to the plaintiff's breach of contract claim, particularly given that the parties have been operating under the Letter of Understanding since June 2017. The responsibility to identify the proper codes has to fall either under NAC's obligation to supply "all necessary patient information and documents required for invoicing" or under Holistic Billing's obligation to "provide Nashville Acupuncture Clinic medical billing services." For now, the court must accept the plaintiff's version of the parties' understanding. *Accord Individual Healthcare Specialists, Inc. v. BlueCross BlueShield of Tenn., Inc.*, 566 S.W.3d 671, 695 (Tenn. 2019) ("The general rule is that parol evidence is not admissible to contradict a written agreement," but it may be admissible to "enable the court to arrive at the proper conclusion as to its meaning, and the understanding and intention of the parties." (citations and internal quotation marks omitted)).

The court, in short, rejects the defendant's assertion that the plaintiff was required to point to a specific *written* provision of the contract obligating Holistic Billing to provide the correct billing codes for acupuncture services. The plaintiff adequately alleges that Holistic Billing had a contractual obligation to attach correct billing codes when billing the plaintiff's acupuncture services and that it breached that obligation by improperly coding the plaintiff's services when billing the VA and other insurance companies.

The plaintiff also alleges that it was damaged by that breach, by having to settle a claim against it by the VA for improper billing for $300,000. The defendant argues that the VA's claim

against the plaintiff was premised upon fraudulent billing, as a result of which the plaintiff is required to plead its breach of contract claim against Holistic Billing with the particularity required for fraud-based claims under Federal Rule of Civil Procedure 9(b). (*See* Doc. No. 21, at 5.) Holistic Billing cites *Monsanto Co. v. Hensel Seed Solutions LLC*, No. 4:18-CV-1812-SNLJ, 2019 WL 2173444, at *3 (E.D. Mo. May 20, 2019), as "applying Rule 9(b) to [a] breach of contract claim premised on underlying fraud." (Doc. No. 21, at 5.) However, that case actually held that the plaintiff's claim of fraudulent inducement to contract was subject to Rule 9(b). The plaintiff here does not allege that Holistic Billing fraudulently induced it to enter the contract in the first place.

Finally, Holistic Billing asserts that, at a minimum, NAC should be required to provide a more definite statement by "providing the express contractual duty in the Contract that Defendant allegedly breached." (Doc. No. 21, at 5.) The court rejects this argument too, insofar as it essentially reprises the Rule 12(b)(6) argument that the breach of contract claim is inadequately pleaded. The FAC is not unintelligible, and, although it is not long on detail, it pleads sufficient facts to state a plausible claim for breach of contract.

### C.     Negligence Claim

In support of its negligence claim, the plaintiff asserts that the defendant "had a duty to accurately, competently, and honestly code and bill insurance companies . . . pursuant to the express and implied terms of the contract." (Doc. No. 19 ¶ 18.) The plaintiff further asserts that the defendant's "breach of its contractual duty" caused the plaintiff's injuries. (*Id.* ¶ 20.) The defendant moves for dismissal of the negligence claim on the basis that, under Tennessee law, a plaintiff cannot state a negligence claim based solely on the breach of a *contractual* duty. The plaintiff makes no attempt to respond to this argument.

The defendant is correct. Under Tennessee law, "if the only source of duty between a particular plaintiff and defendant is their contract with each other, then a breach of that duty,

without more, ordinarily will not support a negligence action." *Thomas & Assocs., Inc. v. Metro.*

*Gov't*, M2001-00757-COA-R3CV, 2003 WL 21302974, at *6 (Tenn. Ct. App. June 6, 2003)

(citations omitted). As the court explained there:

> Ordinarily, it is not a tort for one of the contracting parties to breach the contract. Conduct constituting breach of contract becomes tortious only when it also violates a duty, independent of the contract, arising from wider principles of social responsibility. Short of that, a party's breach of contract remains enforceable as a contract action—not as a tort action—regardless of whether the breach was an intentional one or an unintentional one caused by carelessness.

*Id.* (internal citations omitted); *see also Oak Ridge Precision Indus., Inc. v. First Tenn. Bank Nat'l*

*Ass'n*, 835 S.W.2d 25, 30 (Tenn. Ct. App. 1992); *Harvest Corp. v. Ernst & Whinney*, 610 S.W.2d

727, 728 (Tenn. Ct. App. 1980).

Because the only duty allegedly breached in this case was a contractual duty, the plaintiff's

claim sounds in contract, not tort. The FAC fails to state a colorable claim for negligence, and the

motion to dismiss that claim will be granted.

## IV.    CONCLUSION

For the reasons set forth herein, the court will grant in part and deny in part the Motion to

Dismiss the FAC. (Doc. No. 20.) An appropriate Order is filed herewith.

_____

ALETA A. TRAUGER
United States District Judge